IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**<br><br>           **Plaintiffs,**<br><br>     v.<br><br>**THE KANSAS CITY LANDSMEN, L.L.C. d/b/a BUDGET RENT A CAR and A BETTERWAY RENT-A-CAR, INC.,**<br><br>           **Defendants.** | 1:11-cv-4401-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment [52].

**I.   BACKGROUND**

   A.   Procedural History

In this insurance coverage action, Plaintiffs Travelers Property Casualty Company of America ("Travelers") and St. Paul Fire and Marine Insurance Company ("St. Paul") (collectively, "Plaintiffs") seek a declaratory judgment that they are not obligated to defend or indemnify their insureds, The Kansas City

Landsmen, L.L.C. d/b/a Budget Rent A Car ("KC Landsmen") and A Betterway Rent-a-Car, Inc. ("Betterway") (collectively, "Defendants"), for claims asserted against Defendants in a separate class action lawsuit ("Underlying Lawsuit") brought by a third-party.  In their Counterclaim, Defendants assert claims against Plaintiffs for breach of contract and bad faith arising from Plaintiffs' failure to defend or indemnify Defendants in connection with the Underlying Lawsuit.  On June 3, 2013, Plaintiffs filed their Motion for Summary Judgment on all claims on the ground that the insurance policies at issue do not provide coverage for Defendants' potential liability in the Underlying Lawsuit.

    B.    <u>Facts</u>

        1.    *The Insurance Policies*

Travelers issued to Betterway four (4) primary commercial general liability insurance policies (the "Travelers Policies").[1]  (Pls.' SUMF [52-2] ¶ 11.)  St. Paul issued to Betterway four (4) excess commercial general liability insurance policies

---

[1] The Travelers Policies and policy periods are as follows: (i) policy no. P-630-2742M962-TIL-08, with a policy period of May 1, 2008 to May 1, 2009; (ii) policy no. P-630-2742M962-TIL-09, with a policy period of May 1, 2009 to May 1, 2010; (iii) policy no. P-630-2742M962-TIL-10, with a policy period of May 1, 2010 to May 1, 2011; and (iv) policy no. P-630-2742M962-TIL-11, with a policy period of May 1, 2011 to May 1, 2012.  (Pls.' SUMF [52-2] ¶ 11.)

(the "St. Paul Policies").[2]  (Id. ¶ 13.)  KC Landsmen is a named insured on both the Travelers and St. Paul Policies.  (Id. ¶¶ 12, 14.)  For purposes of this action, the Travelers Policies are identical to one another and the St. Paul Policies are identical to one another.  (See id. ¶¶ 15–21.)

The Travelers Policies insure Defendants against liability for damages arising from various injuries, including "personal injury," suffered by third-parties. (See id. ¶¶ 15–18.)  Coverage for "personal injury" is limited, however, by certain exclusions, including the following (the "Travelers Knowing Violation Exclusion"):

> This insurance does not apply to:
>
> a. Knowing Violation Of Rights Of Another
>
>> "Personal injury" . . . caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" . . . .

(Id. ¶ 17.)[3]

---

[2] The St. Paul Policies and policy periods are as follows: (i) policy no. QK08000505, with a policy period of May 1, 2008 to May 1, 2009; (ii) policy no. QK08000707, with a policy period of May 1, 2009 to May 1, 2010; (iii) policy no. QK08000905, with a policy period of May 1, 2010 to May 1, 2011; and (iv) policy no. QK08001203, with a policy period of May 1, 2011 to May 1, 2012.  (Pls.' SUMF [52-2] ¶ 13.)

[3] The parties appear to dispute whether "personal injury" coverage exists under the main body of the Travelers Policies or under an endorsement to the Policies.  Both the main body and the endorsement contain the same Knowing Violation

The St. Paul Policies insure Defendants against liability for certain "injury" damages in excess of a "Retained Limit" as defined in the Policies.  (See id. ¶¶ 19–21.)  Coverage is limited, however, by certain exclusions, including the following (the "St. Paul Knowing Violation Exclusion"):

This insurance does not apply to:

. . .

J.  Known Violation of Rights

>    Personal Injury or Advertising Injury caused by or committed at the direction of the Insured, or by an offense committed at the direction of the Insured, with knowledge that the rights of another would be violated and that Personal Injury or Advertising Injury would result.

(Id. ¶ 21; 2d Am. Compl. Ex. G [39-15] at 22.)

2.  *The Underlying Lawsuit*

In 2011, John T. Galloway ("Galloway"), on behalf of himself and a class of similarly situated individuals, filed the Underlying Lawsuit in the United States District Court for the Western District of Missouri.  (Pls.' SUMF [52-2] ¶ 3.)  Galloway's amended complaint alleges that Defendants, which own and operate

---

Exclusion.  (Compare 2d Am. Compl. Ex. C pt. 2 [39-4] at 26 ("Knowing Violation Of Rights Of Another"), with id. at 51 ("Knowing Violation Of Rights Of Another").)  For the reasons discussed below, the Court finds that the parties' dispute over the source of "personal injury" coverage is not material to Plaintiffs' Motion for Summary Judgment.

several rental car facilities, willfully violated the Fair and Accurate Credit Transactions Act amendment ("FACTA") to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.  (See 2d Am. Compl. Ex. B [39-2] ¶¶ 61–66.)  Galloway specifically claims that, despite knowledge of their obligation under FACTA to do so, Defendants failed to truncate the credit card numbers and expiration dates on receipts issued to rental car customers.  (Id.)  Galloway asserts a cause of action under 15 U.S.C. § 1681n, which imposes liability on "[a]ny person who willfully fails to comply with any requirement" of FACTA.[4]  (Id.)

## II. DISCUSSION

### A. Legal Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored

---

[4] Defendants purport to dispute that the only cause of action asserted in the Underlying Lawsuit is liability under 15 U.S.C. § 1681n.  Defendants assert that the Underlying Lawsuit "alleges numerous claims for privacy rights violations predicated upon violations of [FACTA]."  (Defs.' Resp. SUMF [54] ¶ 5.)  Defendants do not identify any of these "numerous claims."  A review of the Underlying Lawsuit's amended complaint shows only one cause of action: liability under 15 U.S.C. § 1681n.  (See 2d Am. Compl. Ex. B [39-2] ¶¶ 61–66.)

5

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). Non-moving parties "need not present evidence in a form necessary for admission at trial; however, [they] may not merely rest on [their] pleadings." Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must draw all inferences in favor of the non-movant, but only "to the extent supportable by the record." Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here

6

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

    B.    Analysis

Plaintiffs argue that coverage under the Travelers Policies is precluded by the Travelers Knowing Violation Exclusion, which excludes coverage for injuries "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict" injury.  Plaintiffs argue that coverage under the St. Paul Policies is similarly precluded by the St. Paul Knowing Violation Exclusion, which excludes coverage for injuries "caused by or committed at the direction of the Insured, or by an offense committed at the direction of the Insured, with knowledge that the rights of another would be violated and that [injury] would result."  The parties do not dispute that these provisions (i) exclude coverage for Defendants' knowing violations of FACTA but (ii) do not preclude coverage for reckless or negligent violations of the Act.  The parties dispute only whether the Underlying Lawsuit includes claims for reckless or negligent violations, thus triggering Plaintiffs' duties to defend and indemnify

Defendants.[5]

Under Georgia law, which the parties agree governs this action, "an insurer's duty to defend is broader than its duty to indemnify." Shafe v. Am. States Ins. Co., 653 S.E.2d 870, 873 (Ga. Ct. App. 2007). "Although an insurer need not indemnify an insured for a liability the insured incurs outside the terms of the insurance contract, an insurer must provide a defense against any complaint that, if successful, might potentially or arguably fall within the policy's coverage." Elan Pharm. Research Corp. v. Emp'rs Ins. of Wausau, 144 F.3d 1372, 1375 (11th Cir. 1998) (citing Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc., 490 S.E.2d 374, 376 (Ga. 1997)). Whether the duty to defend is triggered turns on comparing the allegations of the underlying complaint to the provisions of the policy. See id. (citing Great Am. Ins. Co. v. McKemie, 259 S.E.2d 39, 40–41 (1979)).[6] "An

---

[5] Defendants do not assert that coverage is available under any provision of the Travelers or St. Paul Policies to which the Policies' respective Knowing Violation Exclusion does not apply.

[6] The scope of the claim asserted against the insured is generally determined only from the allegations contained in the underlying complaint. Georgia law recognizes an exception to this "four corners" rule, however, where "the complaint on its face shows no coverage, but the insured notifies the insurer of factual contentions that would place the claim within the policy coverage." Colonial Oil Indus. Inc. v. Underwriters, 491 S.E.2d 337, 338–39 (Ga. 1997). In this circumstance, the insurer is required to conduct a "reasonable investigation" and to make its coverage determination based on the "true facts" discovered in its investigation. Id.

8

insurer is justified in refusing to defend an insured only if the complaint against the insured does not assert any claim upon which there would be insurance coverage." Colony Ins. Co. v. Corrosion Control, Inc., 187 F. App'x 918, 921 (11th Cir. 2006) (citing City of Atlanta v. St. Paul Fire & Marine Ins. Co., 498 S.E.2d 782, 784 (1998)).

The Underlying Lawsuit here asserts claims only under 15 U.S.C. § 1681n, which imposes liability on a defendant "who willfully fails to comply with any requirement" of FACTA.  See 15 U.S.C. § 1681n(a).  Willfulness is an element of § 1681n liability, and merely negligent violations of FACTA are not actionable under the statute.  The Underlying Lawsuit does not assert claims for Defendants' negligence, and Plaintiffs are not required to defend Defendants on that basis.[7]

To show willfulness, a § 1681n plaintiff must show either that the defendant knew that its actions were a violation of FACTA or that the defendant acted in reckless disregard of FACTA's requirements.  See Safeco Ins. Co. of Am. v. Burr,

---

[7] Negligent violations of FACTA may be actionable under 15 U.S.C. § 1681o, which imposes liability on "[a]ny person who is negligent in failing to comply with any requirement" of FACTA.  See 15 U.S.C. § 1681o(a).  The claimants in the Underlying Lawsuit, however, have not asserted a claim under 15 U.S.C. § 1681o, and the potential viability of such a claim does not impose a duty to defend on Plaintiffs.  See Cantrell v. Allstate Ins. Co., 415 S.E.2d 711, 713 (Ga. Ct. App. 1992) (citing Great Am., 259 S.E.2d at 40–41) (explaining that "the possibility that the [underlying] suit complaint might later be amended to allege a cause of action covered by the policy" is not sufficient to trigger an insurer's duty to defend).

551 U.S. 47, 57–60; <u>Levine v. World Fin. Network Nat'l Bank</u>, 554 F.3d 1314, 1318 (11th Cir. 2009).  In the Underlying Lawsuit, the plaintiffs allege Defendants' willfulness only in terms of knowledge, not recklessness.  The Underlying Complaint repeatedly alleges that Defendants knowingly violated FACTA:

> 57.   At the time of the FACTA violations identified in this Complaint and before, Defendants knew of their obligations under FACTA . . . .
>
> 60.   Despite knowledge of FACTA's requirements . . . , Defendants continued to willfully disregard FACTA's requirements . . . .
>
> 63.   Defendants knew of and failed to comply with their legal duty [under FACTA] . . . .
>
> 65.   Notwithstanding all of the publicity and the Defendants' knowledge of the statute's requirements, they willfully failed to comply with FACTA . . . .

(2d Am. Compl. Ex. B [39-2].)

The Underlying Complaint does not contain any allegations that Defendants' FACTA allegations were reckless.  Defendants argue that, despite the allegations in the Underlying Complaint, their actions could be construed as reckless, as opposed to knowing, with respect to some class members in the Underlying Lawsuit.  The Court, however, is limited to the allegations in Galloway's

10

complaint in evaluating the claims in the Underlying Lawsuit.[8]  See, e.g., Great Am., 259 S.E.2d at 40–41.  The Underlying Complaint "does not assert any claim upon which there would be insurance coverage" under the Travelers or St. Paul Policies.  See Corrosion Control, 187 F. App'x at 921 (citing City of Atlanta, 498 S.E.2d at 784).  Defendants are thus not entitled to a defense or indemnification under the Travelers and St. Paul Policies for the Underlying Lawsuit.[9]  Plaintiffs are entitled to summary judgment on their claim for a declaratory judgment and on Defendants' claims for breach of contract and bad faith.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment [52] is **GRANTED**.  The Clerk is **DIRECTED** to enter judgment in favor of Plaintiffs and declaring that Plaintiffs are not obligated to defend or

---

[8] As discussed above, the only exception to this limitation occurs when the insured provides the insurer with notice of additional factual contentions obligating the insurer to conduct a "reasonable investigation" of "true facts."  See Colonial Oil, 491 S.E.2d at 338–39.  Defendants have not shown, or even argued, that this exception applies here.

[9] Because the Court concludes that the Travelers and St. Paul Knowing Violation Exclusions preclude coverage under their respective Policies, the Court does not reach Plaintiffs' alternative arguments that the Policies do not provide coverage even in the absence of the Knowing Violation Exclusions.

indemnify Defendants, under the Travelers and St. Paul Policies, for claims asserted in the Underlying Lawsuit.

**SO ORDERED** this 18th day of February, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE